# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

       Plaintiff,

vs.                                              Case No. 12-cr-33-GKF

Gregg Alan Jackson,

       Defendant.

## ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require Defendant's detention pending trial in this case.

### Part I - Findings of Fact

[ ]    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is:

        [ ]    a crime of violence as defined in 18 U.S.C. §3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in: _____

        [ ]    a felony that was committed after the defendant has been convicted of two or more prior federal offenses described in 18 U.S.C.§ 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]    (2)    The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]    (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

[ ]    (4)    Findings (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that Defendant has not rebutted this presumption.

### Alternative Findings (A)

[ ]    (1)    There is probable cause to believe that Defendant has committed an offense:

[ ]          for which a maximum term of imprisonment of ten years or more is prescribed in

         _____

[ ]          under 18 U.S.C. § 924(c).

[ ]    (2)      Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community.

## Alternative Findings (B)

[ ]    (1)      There is a serious risk that Defendant will not appear.

[X]    (2)      There is a serious risk that Defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

Defendant is charged with arson, a crime of violence, at the apartment complex where he lived. Defendant was observed setting the fire by officers who had the defendant under surveillance because he was implicated in other arson fires. The fire had the potential to cause significant damage.

Defendant was implicated in an arson fire at a previous apartment complex where he lived that destroyed 8 apartment units.

There was a spike in fires at apartment complexes where the defendant lived. For the 15 months before the defendant lived at the Cedar Glade Apartments there were 2 fires. During the 15 months the defendant lived there 14 fires occurred. During the 15 months after defendant left there were 3 fires.

For the 18 months before the defendant lived at the Fulton Apartments there were 0 fires. During the 18 months defendant lived there 11 fires occurred. During the 9 months after defendant left there were 0 fires. Additional circumstantial evidence supports defendant's involvement in several of these fires.

The nature and seriousness of the danger to the community through the potential loss of life that would be posed by defendant's release weighs heavily against defendant's pre-trial release.

The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

## Part III - Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel at all reasonable times, as well as the services of an interpreter. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE